# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL LEE WACHOWIAK,**

    Plaintiff,

  v.                                                    Case No. 18-CV-642

**JEFFREY MANLOVE,**

    Defendant.

## SCREENING ORDER

Daniel Lee Wachowiak, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendant, Jeffrey Manlove, violated his civil rights. This matter is before me on Wachowiak's motion for leave to proceed without prepayment of the filing fee and for screening of his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act applies to this case because Wachowiak was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 14, 2018, I ordered Wachowiak to pay an initial partial filing fee of $.91. Wachowiak did not timely pay the fee and he then filed a motion dismiss based on his

inability to pay the fee. In his motion to dismiss, Wachowiak states that he was sent to the "hole" and would not get his "state pay" anymore. I issued an order advising Wachowiak that I would waive the initial partial filing fee if he still wanted to proceed. Wachowiak then filed a letter advising that he would like to proceed with the case. Therefore, I will deny as moot Wachowiak's motion to dismiss and grant his motion for leave to proceed without prepayment of the filing fee. He must pay the filing fee over time in the manner explained at the end of this order.

*Screening the Complaint*

*1.    Wachowiak's allegations*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570

F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Wachowiak is incarcerated at the Waupun Correctional Institution. He alleges that defendant Manlove "refuse me medical help every day & night." (ECF No. 1 at 2.) Wachowiak states that they "don't want to treat my infected left foot with a deep cut in it … [a]nd they are just givin[g] me gauze & tape and Bacitracin first aid antibiotic ointment & they are also making me take Azithromycin tablets USP 250 mg for 5 days now!" (Id.) He also states that "they are refusing me medical attendance sence [sic] 3-18-2018 now!" (Id.) For relief, Wachowiak seeks compensatory damages.

2. *Analysis*

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of a prisoner. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim for deliberate indifference for deficient medical care, Wachowiak "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a

plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Here, Wachowiak's alleged injury – an infected left foot with a deep cut – meets the objectively serious medical need standard. Further, Wachowiak alleges that Manlove refused him medical help "every day & night" for his infected left foot with a deep cut. And although Wachowiak alleges that he received gauze, tape, bacitracin ointment, and medication, "the rendering of *some* medical care does not necessarily disprove deliberate indifference" because "the treatment rendered may be so blatantly inappropriate that it can support an inference of intentional mistreatment. *Cesal*, 851 F.3d at 723 (citing *Petties v. Carter*, 836 F.3d 722, 731 (7th Cir. 2016) (en banc)). Likewise, continuing an ineffective treatment plan may evidence deliberate indifference. *Id.* (citing *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010). Thus, at this stage, Wachowiak may proceed on his Eighth Amendment medical care claim against Manlove.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Wachowiak's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wachowiak's motion to dismiss (ECF No. 15) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, the clerk's office will electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendant Jeffrey Manlove.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant Manlove shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

Dated at Milwaukee, Wisconsin this 3rd day of October 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge