UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL LEE WACHOWIAK,

                       Plaintiff,

v.                                                Case No. 18-cv-642-pp

DR. JEFFREY MANLOVE,

                       Defendant.

**ORDER SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING HIS MOTION TO RECRUIT COUNSEL (DKT NO. 44)**

      Plaintiff Daniel Lee Wachowiak, an inmate at Green Bay Correctional Institution who is representing himself, filed a civil rights complaint on April 23, 2018. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment deliberate indifference to medical needs claim against the defendants. Dkt. No. 18. On June 8, 2020, the defendant filed a motion for summary judgment. Dkt. No. 37. Under Civil Local Rule 56(b)(2) (E.D. Wis.), the plaintiff's opposition materials were due on July 8, 2020. Almost three months after the opposition materials were due, when nothing had been filed by the plaintiff, the court issued a show cause order directing that by October 30, 2020, the plaintiff must either respond to the defendant's motion for summary judgment or file a letter explaining why he was unable to do so. Dkt. No. 43.

On October 15, 2020, the court received a letter from the plaintiff that simply stated, "Your Honor yes I want to continue with this lawsuit and yes I would like a lawyer if that is possible please to help me sue Dr. Jeffery Manlove. Please & Thank You." Dkt. No. 44 at 1. The plaintiff did not explain why he has not responded to the defendant's summary judgment motion. The court will give the plaintiff a final chance to submit a response. The plaintiff must file a response to the defendant's motion for summary judgment in time for the court to receive it by the end of the day on November 27, 2020. If the court does not receive the plaintiff's response to the summary judgment motion by that date, the court will treat the motion as unopposed. This likely will result in the court granting summary judgment in favor of the defendant and dismissing the case.

To oppose the defendant's summary judgment motion, the plaintiff must respond to each of the defendant's proposed findings of fact (by agreeing with the proposed fact or explaining why he disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that he agrees) and he must respond to the legal arguments in the defendant's brief. The plaintiff must support his facts, or his disagreement with the defendant's facts, with evidence. He can do that by referring to the information and documents he received during discovery or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C.

§1746.[1] An unsworn declaration is a way for the plaintiff to tell his side of the story while declaring to the court that everything he has written is true and correct.

As for his request for the court to appoint him a lawyer, in a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019), (quoting Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit

---

[1] If the plaintiff chooses to support his facts with an unsworn declaration, he must state at the bottom of his declaration, "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]" 28 U.S.C. §1746(2).

Authority, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

The plaintiff has not demonstrated that he has made a reasonable attempt to hire a lawyer himself, so the court will deny his motion to appoint counsel. He may renew his motion once he has made a reasonable attempt to obtain an attorney as described above.

The court **ORDERS** that the plaintiff must file his response to the defendant's motion for summary judgment in time for the court to receive it by the end of the day on **November 27, 2020**. If the court does not receive the plaintiff's response by the end of the day on November 27, 2020, the court will treat the defendant's motion as unopposed and could grant judgment in favor of the defendant and dismiss the case.

The court **DENIES** the plaintiff's motion to recruit counsel. Dkt. No. 44.

Dated in Milwaukee, Wisconsin this 27th day of October, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**