UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL LEE WACHOWIAK,

                Plaintiff,

v.                                          Case No. 18-cv-642-pp

DR. JEFFREY MANLOVE,

                Defendant.

**ORDER CONSTRUING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS UNOPPOSED, GRANTING MOTION (DKT NO. 37) AND DISMISSING CASE**

      Plaintiff Daniel Lee Wachowiak, an inmate at Green Bay Correctional Institution who is representing himself, filed a civil rights complaint on April 23, 2018. Dkt. No. 1. At that time, the plaintiff was incarcerated at Waupun Correctional Institution. Id. at 1, 5; https://appsdoc.wi.gov/lop/detail.do. The court screened the complaint and on October 3, 2018, issued an order allowing the plaintiff to proceed on an Eighth Amendment deliberate indifference to medical needs claim against defendant Dr. Manlove. Dkt. No. 18.

      On June 8, 2020, the defendant filed a motion for summary judgment. Dkt. No. 37. Under Civil Local Rule 56(b)(2), the plaintiff's response materials were due by July 8, 2020. The defendant filed a certificate of service indicating that he had sent the summary judgment motion and supporting materials to the plaintiff at Green Bay Correctional Institution, where the plaintiff had been transferred on March 17, 2020. Dkt. No. 36-1. https://appsdoc.wi.gov/lop/

detail.do. The plaintiff did not notify the court in March that he had been transferred; as of the time the defendant filed the summary judgment motion, the court had last heard from the plaintiff at the telephone status conference on November 26, 2019 when he reported being in the Portage County Jail, dkt. no. 32, although *the defendant* had filed a status report on March 13, 2020 (four days before the plaintiff's transfer) notifying the court that the plaintiff was at Dodge, dkt. no. 34.

On June 23, 2020, the court received from the plaintiff a letter asking the court to tell his attorney that he wanted to increase the amount of damages he was seeking and asking his attorney to come and see him as soon as possible. Dkt. No. 42. This letter reflected that the plaintiff was at the Green Bay Correctional Institution; this was the first notice that *the plaintiff* had given the court that he had been transferred to Green Bay.

On September 26, 2020, the court issued an order recounting all this information. Dkt. No. 43. The court noted that the plaintiff did not have a lawyer in this case and never had asked the court to appoint him one. Id. at 2 n.1. It recounted that the deadline for responding to the defendant's summary judgment had passed almost three months earlier. Id. at 1. The court stated that it would give the plaintiff another chance to respond to the motion and explained to him what he needed to do. Id. at 3-4. The court told the plaintiff that he must either respond to the defendant's motion for summary judgment or file a letter explaining why he was unable to do so by October 30, 2020, and

said that if it didn't hear from him by that date, it would treat the defendant's motion as unopposed and "rule accordingly." Id. at 4.

On October 15, 2020, the court received a letter from the plaintiff that simply stated, "Your Honor yes I want to continue with this lawsuit and yes I would like a lawyer if that is possible please to help me sue Dr. Jeffery Manlove. Please & Thank You." Dkt. No. 44 at 1. On October 27, 2020, the court issued another order. Dkt. No. 45. The court denied the plaintiff's motion to appoint counsel; he had not demonstrated that he had tried to find counsel on his own, but the court told him he could renew his motion once he had made that effort. Id. at 3-4. The court extended the deadline for the plaintiff to respond to the defendant's motion for summary judgment, giving him until November 27, 2020. Dkt. No. 45. The court warned the plaintiff that if he failed to submit a response by the end of the day November 27, 2020, the court would treat the defendant's motion as unopposed and could grant summary judgment in favor of the defendant and dismiss the case. Id. at 4.

The November 27, 2020 deadline has passed and the court has not heard from the plaintiff. It has been over four and a half months since the plaintiff's opposition materials were due and he has neither filed them or explained why he cannot do so.

The court will construe the defendant's motion for summary judgment as unopposed. The court has reviewed the defendant's motion, brief in support, and the undisputed facts, see Fed. R. Civ. P. 56(e)(2), and concludes that the

defendant is entitled to summary judgment. The court will grant the motion. The court agrees with the defendant that no reasonable jury could conclude that the defendant was deliberately indifferent to the plaintiff's serious medical need when the plaintiff was seen by two different nurses on the day of the injury and on twelve occasions in the month following the injury; when, based on a report from a nurse a week after the injury that the wound was red and warm, the defendant ordered an antibiotic twice daily for ten days; when the nurses provided the plaintiff with wound care on each visit; when the defendant saw the plaintiff a month and a half after the injury for other reasons and the plaintiff did not raise any concerns about the injury; and when, on that occasion, the defendant treated the plaintiff for the complaints he did raise (symptoms of bronchitis or pneumonia). Dkt. No. 38.

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 37.

The court **DISMISSES** this case. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or

excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 1st day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:18-cv-00642-PP   Filed 12/01/20   Page 5 of 5   Document 46